

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2006

# Maloney v. Reading

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1876

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Maloney v. Reading" (2006). *2006 Decisions.* Paper 313.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1876
_____

MICHAEL MALONEY

v.

CITY OF READING; WALLY SCOTT; DEBORAH
LACHINA; BRIAN CRAZE; CONSTABLE DENNIS
MULLIGAN; CONSTABLE HECTOR LUIS CARILLO

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-05318)
District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2006

Before: Fisher, Aldisert and Weis, Circuit Judges

(Filed:  October 19, 2006)

_____

OPINION
_____

PER CURIAM

    Appellant Michael M. Maloney was arrested on March 24, 2004 by defendant

Constables Dennis Mulligan and Hector Luis Carillo, brought before defendant

Magisterial District Judge Wally Scott, and charged with the summary offense of failing to secure a $30.00 housing permit in violation of a City of Reading ordinance. Judge Scott set Maloney's bail at $4,522.75. Maloney was shackled and taken to Berks County Prison, and was not able to post bail until the following day.

Maloney filed suit in United States District Court for the Eastern District of Pennsylvania. Invoking 42 U.S.C. § 1983 and various common law causes of action, he claimed that his Fourth, Sixth, and Fourteenth Amendment rights were violated by the arrest and wrongful prosecution, and the misappropriation of his bail money by Judge Scott. Maloney also sued defendants Brian Craze, a City of Reading Codes Enforcement Officer, and Deborah Lachina, another District Justice, alleging that they fabricated evidence that he was the owner of 415 Miltmore Street, Reading, Pennsylvania, a fabrication that led to his arrest for housing code violations. Maloney also claimed that, on August 10, 2004, the Honorable Forrest G. Schaeffer of the Berks County Court of Common Pleas dismissed all charges against him and ordered that the bail money be returned.

District Justices Scott and Lachina moved to dismiss the complaint. Defendants Craze and the City of Reading answered the complaint, admitting that Craze had signed citations charging Maloney with failure to secure the property on Miltmore Street, cut weeds, and remove trash, but asserting that he was authorized to do so, and further asserting that Maloney was the owner of record pursuant to a quitclaim deed duly recorded on December 19, 2002. Craze further asserted that Maloney actually pleaded

2

guilty to one housing code violation before Judge Schaeffer in exchange for dismissal of four other housing code citations.[1] Defendants Mulligan and Carillo also answered the complaint and asserted that Maloney's arrest was made pursuant to a valid warrant issued by District Justice Scott.

In an order entered on March 8, 2005, the District Court dismissed the complaint as to the District Justices on the basis that they, as judges, were entitled to absolute immunity. Following that, discovery ensued and Maloney's deposition was taken. Craze and the City of Reading then moved for summary judgment, asserting, among other things, that Maloney had pending housing code citations before four different Magisterial District Justices as of March 19, 2003. Mulligan and Carillo also moved for summary judgment, contending that they were entitled to qualified immunity because they arrested Maloney pursuant to a valid warrant.

The District Court held a hearing on the summary judgment motion, at which Constable Mulligan testified. Maloney was permitted to cross-examine Mulligan concerning the warrant authorized by District Justice Scott that resulted in his arrest.

In an order entered on February 8, 2006, the District Court granted summary judgment to the remaining defendants on Maloney's section 1983 claims. The court held that the Constables were entitled to qualified immunity, Harlow v. Fitzgerald, 427 U.S.

---

[1] In fact, the defendants submitted a copy of the relevant Verdict and Sentence In A Summary Appeal, issued by Judge Schaeffer, which established that Maloney pleaded guilty to § 108.2 violation concerning failure to secure the premises. See Docket Entry No. 11, Exhibit "A."

3

800, 818 (1982), because they arrested Maloney pursuant to at least one facially valid warrant issued by a magisterial district judge, and their reliance on the warrant was reasonable. They had no reason to believe it was not lawfully and validly issued. Furthermore, Maloney's contention that he was not the owner of record of the properties in question was unsupported by any evidence.[2] The court also held that there was no evidence from which a reasonable jury could find that Craze had fabricated evidence concerning Maloney's ownership of the property on 415 Miltmore Street, and that summary judgment was appropriate for the City of Reading under Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978), because Maloney had come forward with no evidence of an unlawful policy or custom by the City allowing for arrests to be made on insufficient cause.

The District Court exercised its supplemental jurisdiction over Maloney's common law claims, see, e.g., United Mine Workers of America v. Gibbs, 383 U.S. 715, 725-26 (1966), and awarded summary judgment to the defendants here as well. The court reasoned that the City of Reading was entitled to governmental immunity under the state Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541-64, because the acts alleged did not fall into any of the statutory exceptions to immunity, 42 Pa. Cons. Stat. Ann. § 8542(b). Furthermore, as an employee acting within the scope of his duties,

---

[2] The court explained: "He does state in his opposing brief he procured certified copies of deeds for the properties in question to establish he did not own the properties. Pl."s Br. 2. This Court, though, cannot simply take Maloney at his word that such documents exist. See District Court Memorandum, at 5.

Craze also was immunized from suit, and, even if he was not, Maloney had failed to adduce evidence of wrongful conduct. The District Court also found insufficient evidence of wrongful conduct on the part of the Constables, that is, as to Maloney's claim of false arrest, he failed to show that probable cause was lacking. As to his claim of assault and battery, there was no evidence of an excessive use of force. As to the claim of malicious prosecution, Maloney had conceded that the Constables played no role whatever in initiating the summary proceedings against him, see Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989). Maloney appeals.

We will affirm. As a threshold matter, an issue that is not discussed in the brief is waived. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004). With respect to summary judgment, Federal Rule of Civil Procedure 56(e), concerning the requirements for opposing a motion for summary judgment, provides that Maloney, as an adverse party, "may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." We conclude that summary judgment was proper for the reasons given by the District Court, because there was an insufficient evidentiary basis on which a reasonable jury could find in Maloney's favor on either his constitutional or common law claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

With respect to Maloney's contention on appeal that the acts of District Justice Scott were not judicial and thus not immunized, we note, as did the District Court, that

5

judges are immunized from a suit for damages for acts done in the performance of their judicial duties. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Maloney argues, however, that, insofar as Judge Scott initiated the proceedings against him, an act that is prosecutorial in nature, he is not entitled to the immunity enjoyed by judges in the performance of judicial acts, nor is his act of misappropriating the bail money immunized.[3]

These arguments fail, however, because Maloney came forward with no evidence that his bail money was misappropriated by anyone, let alone Judge Scott, or that the summary proceedings for the housing code violations were initiated by anyone other than a code enforcement officer. Maloney's second contention on appeal is that the arrest warrant was not issued by a neutral magistrate. This actually is a contention that the warrant was based on fabricated evidence. It fails for the same reason, that is, lack of evidentiary support, and, in any event, is belied by the guilty plea before Judge Schaeffer.

Maloney was given ample opportunity for discovery, had the ability to conduct it, as is clear from our review of the entire record, and was even given a hearing at the summary judgment stage. His failure to move beyond bald and unsupported allegations was a proper basis for dismissal of his action prior to a trial. Cf. Fed. R. Civ. Pro. 59(e).

We will affirm the orders dismissing the complaint as to the judicial defendants and granting summary judgment to all other defendants. The judicial appellees' motion

---

[3] Maloney does not dispute that the issuance of a warrant for an arrest is a judicial act. His assertion that the warrant was issued after his arrest finds no support in the record.

to be excused from filing a brief is denied as stated, but the Court will treat the motion as the judicial appellees' brief insofar as it argues for affirmance.